UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JACKIE DANOS                                    CIVIL ACTION

v.                                              NO. 11-2491

UNION CARBIDE CORPORATION,                      SECTION F
THE DOW CHEMICAL COMPANY, AND
KIRBY INLAND MARINE, L.P.

ORDER

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memorandum in opposition to defendant's, Kirby Inland Marine, L.P., motion for summary judgment, noticed for submission on October 24, 2012, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion as merit,[1] IT

---

[1] Plaintiff alleges that while working on a barge owned by Kirby, he was injured because of Kirby's negligence. Specifically, plaintiff contends that the spew rod that hit his right eye was broken, not properly maintained, defective, or otherwise presented a hazard. A spew rod mechanism is essentially a valve assembly with a steel rod that rises/lowers to the level of liquid in a tank barge. Spew rods are used to measure the amount of product within the barge.
    Defendant, Kirby Inland Marine, has shown that the plaintiff cannot prove the essential elements of his negligence claim. There is no evidence in the record that suggests that Kirby was negligent in its (1) duty to turn over a reasonably safe vessel, (2) duty to protect against hazards under the vessel's active control, and (3) duty to intervene when a longshoreman ignores the risk of a serious hazard. See Scindia Steam Navigation Co.

v. De Los Santos, 451 U.S. 156, 166-67 (1981).  Because Kirby has carried its summary judgment burden in showing that the plaintiff cannot prove the required elements of negligence, and the plaintiff has failed to oppose the defendant's motion or submit any evidence showing that the defendant was negligent, Kirby is entitled to summary judgment.

Regarding the first duty owed to a longshoreman (the turn-over duty), defendant asserts that the spew rod's alleged defect was open and obvious, and Kirby's duty only attaches to latent hazards.  Defendant submits deposition testimony of record in which the plaintiff states he was experienced in dealing with spew rods and aware that they "could end up hitting you in the face."  Moreover, defendant points to deposition testimony in which plaintiff asserts that the spew rod was hissing, he made two unsuccessful attempts to lower the rod, and he was hit in the eye during his third attempt to lower the rod when he was tapping the rod with his foot.  Kirby asserts that any alleged defect was therefore open and obvious, and plaintiff submits nothing to the contrary.

The second duty owed by a vessel owner is the active duty control, which means that the vessel owner is "exercising control over the actual methods and operative details of the longshoreman's work."  Pledger v. Phil Builbeau Offshore, Inc., 88 F. App'x 690, 692 (5th Cir. 2004).  Here, Kirby submits that it was not in active control of plaintiff, who was an employee of the contractor Fryoux Tankerman Service, Inc., and as "Tankerman Person in Charge" plaintiff was solely responsible for the barge and its equipment during loading and discharge.  Plaintiff submits no evidence to the contrary.

The third duty, the duty to intervene, only exists when the vessel owner has actual knowledge that a dangerous condition exists and the contractor cannot be relied on to remedy the condition.  Here, Kirby submits that it did not have actual or constructive knowledge that any alleged defect existed, that the plaintiff unsuccessfully attempted to lower the spew rod twice, and that the plaintiff attempted to lower the spew rod for a third time by tapping the mechanism with his foot.  Moreover, Kirby submits through deposition testimony of record that Kirby had no knowledge of these facts because it did not have personnel on the barge nor was it informed by phone, radio, or otherwise told about what was occurring in the discharge operation.

The plaintiff has not submitted any opposition papers or submitted any evidence suggesting that he can satisfy his burden. "'[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and 'mandates the entry of summary judgment' for the

IS ORDERED that Kirby Inland Marine's motion for summary judgment is GRANTED as unopposed.  The plaintiff's claims against Kirby Inland Marine are hereby dismissed.[2]

New Orleans, Louisiana, October 22, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

moving party."  United States ex rel. Farmer v. City of Houston, 523 F.3d 333, 337 (5th Cir. 2008 )(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

[2] The plaintiff's claim for unseaworthiness against Kirby is dismissed because no such cause of action exists under the Longshoremen's and Habor Workers' Compensation Act.  See Scindia, 451 U.S. at 165 ("[T]he longshoreman's right to recover for unseaworthiness was abolished."); Becker v. Tidewater Inc., 335 F.3d 376, 387 (5th Cir. 2003) ("An LHWCA worker, unlike a Jones Act seaman, does not have a cause of action for unseaworthiness.").