UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKIE DANOS | CIVIL ACTION |
| v. | NO. 11-2491 |
| UNION CARBIDE CORPORATION, THE DOW CHEMICAL COMPANY, AND KIRBY INLAND MARINE, L.P. | SECTION F |

ORDER AND REASONS

Before the Court is plaintiff's motion for a new trial or reconsideration, or, in the alternative, for relief from this Court's October 22, 2012 Order granting summary judgment in favor of defendant. For the reasons that follow, the motion is DENIED.

Background

This dispute arises out of personal injuries that were allegedly sustained while working aboard a vessel.

Jackie Danos contends that on or about October 4, 2010, he was injured by a spew rod while working on a barge owned by Kirby. A spew rod mechanism is essentially a valve assembly with a steel rod that rises/lowers to the level of liquid in a tank barge. Similar to the function of a dip stick, a spew rod measures the amount of product within the barge.

On October 4, 2011, Mr. Danos filed suit in this Court, naming as defendants Union Carbide Corporation, Dow Chemical

1

Company, and Kirby Inland Marine, L.P., and alleging claims of negligence and unseaworthiness under section 905(b) of the Longshoremen's and Habor Workers' Compensation Act. On October 8, 2012, Kirby moved for summary judgment on plaintiff's claims; the motion was set for hearing on October 24, 2012. The plaintiff did not file an opposition to the motion and on October 22, 2012, the Court granted Kirby's motion for summary judgment, noting that it was unopposed and also finding that the defendant's motion had merit.[1] The plaintiff now seeks a new trial or reconsideration, or, in the alternative, relief from the Court's October 22, 2012 Order and Reasons.

## Legal Standards

*I.*

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. See Higgins v. Cain, No. 07-9729, 2012 WL 3309716, at *1 (E.D. La. Aug. 13, 2012). Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the

---

[1] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. Here, the deadline for filing an opposition paper was October 16, 2012.

twenty-eight day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc).

Because the Court entered the challenged Order on October 22, 2012, and the plaintiff filed his motion to reconsider within twenty-eight days on October 31, 2012, the motion to reconsider is timely under Rule 59(e), and such analysis is appropriate.

*II.*

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered

3

evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 F. App'x 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

## Discussion

### A.

As an excuse, counsel for plaintiff states that he was unaware of defendant's motion for summary judgment until October 22, 2012, when this Court issued an Order granting the motion. Plaintiff's counsel states that he "can only surmise that the electronic submission from the court's CM/ECF system was inadvertently omitted from counsel's mail box or was not properly saved into the client's electronic file prior to deletion." Counsel also claims that he never received a hard copy of the

motion.[2]  There is no evidence submitted by the plaintiff to suggest that the October 8, 2012 CM/ECF notification was not issued, or that any attorney did not receive notice in this case.

The defendant opposes reconsideration, countering that the fact plaintiff's counsel inadvertently deleted the CM/ECF notice is not enough to justify relief.  Significantly, defendant submits as an exhibit to its opposition memorandum the "Notice of Electronic Filing," which indicates that notice was electronically mailed to plaintiff's counsel.

Notwithstanding the lack of notice argument, and in light of the Court's October 22, 2012 Order and the Rule 59(e) standard, the plaintiff has failed to show the Court that it erred in its legal and factual analysis.

*B.*

---

[2] This argument, however, provides no support to plaintiff's position in light of the fact that plaintiff's counsel elected to receive service through the CM/ECF system.  Local Rule 5.1 and the "Electronic Filing for Attorneys" pamphlet, issued by this Court and last revised in December 2011, state:
> Whenever a pleading or other document is filed electronically, the ECF system will automatically generate and send a Notice of Electronic Filing (NEF) to the filing user and to trial counsel who have consented to e-mail notification and electronic service.
> Transmission of the [Notice of Electronic Filing] shall constitute service of the filed document and shall be deemed to satisfy the requirements of FRCP 5(b)(2)(D) [and] FRCP 77(d).

Therefore, the argument that plaintiff's counsel never received a hard copy of the motion is unpersuasive here.

Although the Fifth Circuit U.S. Court of Appeals forbids a district court from granting summary judgment merely because the motion is unopposed (even if the failure to oppose violated a local rule), if the Court's independent review of the record reveals that there are no genuine disputes as to any material facts, granting summary judgment is certainly appropriate. See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."); John v. La. Bd. of Trs. for State Colls. & Univs., 757 F.2d 698, 709 (5th Cir. 1985); see also Fed. R. Civ. P. 56(e)("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it.").[3]

---

[3] See also Luera v. Kleberg Cnty., Tex., No. 11-40774, 2012 WL 490407 (5th Cir. Feb. 15, 2012). In Luera, an unpublished opinion, the Fifth Circuit noted:
> We have approached the automatic grant of a dispositive motion, such as a grant of summary judgment based solely on a litigant's failure to respond, with considerable aversion . . . . In this case, however, the record makes clear that the district court dismissed the suit based on its merits and not as a sanction.

Id. at *1-2 (noting that the plaintiff did not respond to the

Summary judgment is appropriate when the competent summary judgment evidence demonstrates that there are no genuine disputes as to any material facts and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). Here, in granting the defendant's motion for summary judgment, the Court deemed the motion to be unopposed. Even so, the Court did not grant the motion as unopposed simply to sanction the plaintiff for his failure to respond. To the contrary, the Court proceeded to address the merits of the motion, and determined that the motion indeed had merit, specifically observing with clarity that:

> Plaintiff alleges that while working on a barge owned by Kirby, he was injured because of Kirby's negligence. Specifically, plaintiff contends that the spew rod that hit his right eye was broken, not properly maintained, defective, or otherwise presented a hazard. A spew rod mechanism is essentially a valve assembly with a steel rod that rises/lowers to the level of liquid in a tank barge. Spew rods are used to measure the amount of product within the barge.
> Defendant, Kirby Inland Marine, has shown that the plaintiff cannot prove the essential elements of his negligence claim. There is no evidence in the record that suggests that Kirby was negligent in its (1) duty to turn over a reasonably safe vessel, (2) duty to protect against hazards under the vessel's active control, and (3) duty to intervene when a longshoreman ignores the risk of a serious hazard. See Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156, 166-67 (1981). Because Kirby has carried its summary judgment burden in showing that the plaintiff cannot prove the required elements of negligence, and the plaintiff has failed to

---

defendant's motion for summary judgment, that the district court treated the motion as unopposed, and that the district court then proceeded to analyze the merits in granting the motion).

oppose the defendant's motion or submit any evidence showing that the defendant was negligent, Kirby is entitled to summary judgment.

Regarding the first duty owed to a longshoreman (the turnover duty), defendant asserts that the spew rod's alleged defect was open and obvious, and Kirby's duty only attaches to latent hazards. Defendant submits deposition testimony of record in which the plaintiff states he was experienced in dealing with spew rods and aware that they "could end up hitting you in the face." Moreover, defendant points to deposition testimony in which plaintiff asserts that the spew rod was hissing, he made two unsuccessful attempts to lower the rod, and he was hit in the eye during his third attempt to lower the rod when he was tapping the rod with his foot. Kirby asserts that any alleged defect was therefore open and obvious, and plaintiff submits nothing to the contrary.

The second duty owed by a vessel owner is the active duty control, which means that the vessel owner is "exercising control over the actual methods and operative details of the longshoreman's work." Pledger v. Phil Builbeau Offshore, Inc., 88 F. App'x 690, 692 (5th Cir. 2004). Here, Kirby submits that it was not in active control of plaintiff, who was an employee of the contractor Fryoux Tankerman Service, Inc., and as "Tankerman Person in Charge" plaintiff was solely responsible for the barge and its equipment during loading and discharge. Plaintiff submits no evidence to the contrary.

The third duty, the duty to intervene, only exists when the vessel owner has actual knowledge that a dangerous condition exists and the contractor cannot be relied on to remedy the condition. Here, Kirby submits that it did not have actual or constructive knowledge that any alleged defect existed, that the plaintiff unsuccessfully attempted to lower the spew rod twice, and that the plaintiff attempted to lower the spew rod for a third time by tapping the mechanism with his foot. Moreover, Kirby submits through deposition testimony of record that Kirby had no knowledge of these facts because it did not have personnel on the barge nor was it informed by phone, radio, or otherwise told about what was occurring in the discharge operation.

The plaintiff has not submitted any opposition papers or submitted any evidence suggesting that he can satisfy his burden. "'[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and

8

> 'mandates the entry of summary judgment' for the moving
> party." <u>United States ex rel. Farmer v. City of Houston</u>,
> 523 F.3d 333, 337 (5th Cir. 2008 )(quoting <u>Celotex Corp.
> v. Catrett</u>, 477 U.S. 317, 322-23 (1986)).
>      The plaintiff's claim for unseaworthiness against
> Kirby is dismissed because no such cause of action exists
> under the Longshoremen's and Habor Workers' Compensation
> Act. <u>See</u> <u>Scindia</u>, 451 U.S. at 165 ("[T]he longshoreman's
> right to recover for unseaworthiness was abolished.");
> <u>Becker v. Tidewater Inc.</u>, 335 F.3d 376, 387 (5th Cir.
> 2003) ("An LHWCA worker, unlike a Jones Act seaman, does
> not have a cause of action for unseaworthiness.").

<u>See</u> Order dated October 22, 2012, nn.1-2. In connection with his request for reconsideration, the plaintiff submits a response to the defendant's motion for summary judgment in an effort to suggest a genuine issue of material fact exists that would warrant reconsideration of the Court's decision. The Court is not persuaded.

Notably, the plaintiff does not challenge the Court's findings on the second and third <u>Scindia</u> duties, and he does not contest that a claim for unseaworthiness is unavailable under the LHWCA. Therefore, plaintiff's motion for reconsideration is predicated on whether a genuine issue of material fact exists for the first <u>Scindia</u> duty: the turnover duty.

The turnover duty applies to "the shipowner's obligation before or at the commencement of the stevedore's activities." <u>Kirsey v. Tonghai Mar.</u>, 535 F.3d 388, 392 (5th Cir. 2008). The Fifth Circuit has stated:

> This [turnover] duty places two responsibilities on the
> vessel owner. First, the owner owes a duty to exercise

9

>ordinary care under the circumstances to turn over the ship and its equipment in such condition that an expert stevedore can carry on stevedoring operations with reasonable safety. Second, the owner owes a duty to warn the stevedore of latent or hidden dangers which are known to the vessel owner or should have been known to it; **however, the duty to warn of hidden dangers is narrow. It does not include dangers which are either: (1) open and obvious or (2) dangers a reasonably competent stevedore should anticipate encountering.**

Id. (emphasis added). Considering the standard for proving a violation of a vessel owner's turnover duty, and reading the record in a light most favorable to the plaintiff, Mr. Danos has failed to raise a genuine dispute as to the material facts here. Mr. Danos submits no other evidence other than a few lines of his deposition testimony, which he alleges establish a genuine dispute. His testimony, however, does the opposite. Mr. Danos states that he was aware of the fact that spew rods can pop up on occasion. Moreover, he testified that most spew rods have caps with an attached four to six inch chain that prevents the rod from popping up too high, and plaintiff admits that the cap and chain were missing from the spew rod here. Further, Mr. Danos testified that the spew rod should not rise once the rod is lowered and the brake mechanism sets itself, however, he still unsuccessfully tried to lower the rod twice before the rod popped up the third time injuring him. As the Court stated in its original Order, the turnover duty attaches only to latent hazards, "defined as hazards that are not known to the stevedore and that would be neither obvious to nor anticipated by a skilled

stevedore in the competent performance of its work." Howlett v. Birkdale Shipping Co., 512 U.S. 92, 105 (1994). Mr. Danos fails to raise a genuine dispute as to the fact that the alleged defective spew rod here was obvious and something he should have anticipated as a stevedore, and he likewise fails to persuade the Court that reconsideration of its grant of summary judgment is warranted. Accordingly, the plaintiff's motion for reconsideration is DENIED.

New Orleans, Louisiana, November 20, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE