UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKIE DANOS | CIVIL ACTION |
| v. | NO. 11-2491 |
| UNION CARBIDE CORPORATION, THE DOW CHEMICAL COMPANY, AND KIRBY INLAND MARINE, L.P. | SECTION F |

ORDER AND REASONS

Before the Court is Union Carbide Corporation and Dow Chemical Company's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

## Background

This dispute arises out of personal injuries that were allegedly sustained while working aboard a vessel.

Jackie Danos contends that on or about October 4, 2010, he was injured by a spew rod while working on a barge owned by Kirby Inland Marine, LP. A spew rod mechanism is essentially a valve assembly with a steel rod that rises or lowers to the level of liquid in a tank barge. Similar to the function of a dip stick, a spew rod measures the amount of product within the barge. At the time of the accident, the barge was alongside the Dow Taft Number 1 Dock to discharge its liquid cargo into shore tanks. Mr. Danos contends that the dock in question was owned by Dow Chemical Company, and that he worked with a dockman employed by

1

Dow during the incident.

On October 4, 2011, Mr. Danos filed suit in this Court, naming as defendants Union Carbide Corporation, Dow Chemical Company, and Kirby Inland Marine, L.P., and alleging claims of negligence and unseaworthiness under Section 905(b) of the Longshoremen's and Habor Workers' Compensation Act. On October 8, 2012, Kirby moved for summary judgment on plaintiff's claims; the motion was set for hearing on October 24, 2012. The plaintiff did not file an opposition to the motion and on October 22, 2012, the Court granted Kirby's motion for summary judgment, noting that it was unopposed and also finding that the defendant's motion had merit.[1] The plaintiff subsequently filed a motion for a new trial or reconsideration, or, in the alterative, for relief from the Court's earlier judgment, which this Court denied on November 20, 2012. Defendants, Union Carbide Corporation and Dow Chemical Company, now move for summary judgment on plaintiff's claims.[2]

## I. Legal Standard

Federal Rule of Civil Procedure 56 instructs that summary

---

[1] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. Here, the deadline for filing an opposition paper was October 16, 2012.

[2] After Union Carbide and Dow submitted this motion for summary judgment, plaintiff filed a motion to voluntarily dismiss his claims against Union Carbide, which this Court granted on December 12, 2012.

judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549

(5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Discussion

Defendants contend that summary judgment is appropriate. The Court agrees.

In his complaint, plaintiff alleges that his injuries were caused by the unseaworthiness of the barge and the negligence of Dow employees. Dow submits plaintiff's own deposition testimony in which plaintiff states that Kirby (not Dow) was the owner of the barge. Moreover, the record also reveals that the plaintiff unequivocally testified that he had no complaints with the Dow employee involved in the incident.[1] The plaintiff apparently

---

[1] Plaintiff was asked several times about whether Ronnie, the Dow employee, was negligent:
    Q: Okay. And had you worked with Ronnie on other jobs where you had been there to discharge?
    A: Yes, I did. I liked working with Ronnie, because he was pretty up to the par with what you're really supposed to do. He'd actually pull your license every time he came and all. He was a good man.
    Q: All right. We already talked about on this particular job you didn't have any complaints about anything Ronnie did, right?
    A: No.
    Q: No?
    A: Wait. Say that again.
    Q: I said: On this particular job you didn't have any complaints about what Ronnie did, right?
    A: No, sir.
    Q: Yes, I'm right.
    A: Yes, you're right.
Plaintiff then continues to reiterate later that "Ronnie was there for [him]," and he had "no problems" with Ronnie.

concedes this issue, for he failed to provide any argument or evidence in support of his claim that the Dow employee involved was negligent.

Instead, plaintiff, for the first time in his opposition memorandum, attempts to raise a genuine dispute as to Dow's procedures. In what the Court can only describe as deceptive, the plaintiff illuminates some portions of his deposition and asserts that questions of fact exist as to whether Dow's "bleeding pressure" practice was a cause of the accident. But the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See Anderson, 477 U.S. at 248; see also Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005) ("[The nonmovant's] burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (per curium))).

Plaintiff requests that the Court, invoking Federal Rule of Civil Procedure 56(d), defer ruling on this motion until the magistrate judge decides a pending motion to compel discovery. Although the plaintiff submits the required affidavit, the Court finds deferral is not merited. Rule 56(d) "may not be invoked by the mere assertion that discovery is incomplete; the opposing party must demonstrate how the additional time will enable him to

rebut the movant's allegations of no genuine issue of material fact." Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 28 F.3d 1388, 1396 (5th Cir. 1994). The Fifth Circuit has repeatedly held that "it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.'" Stearns Airport Equip. Co. v. FMC Corp., 170 F.3d 518, 535 (5th Cir. 1999) (quoting Washington v. Allstate Ins., Co., 901 F.2d 1281, 1285 (5th Cir. 1990)). In his affidavit, counsel for plaintiff asserts:

> [P]laintiff seeks to explore the procedures of Dow regarding the discharge procedures at its Dow Taft dock where the plaintiff's accident occurred, which involved pressurizing barges which were to be discharged by "shooting" pressure from a recently discharged barge to the barge to be discharged, in this case, the barge on which plaintiff was injured, rather than a gradual buildup of pressure from the Dow dock. With the cooperation of counsel for the intervenor, plaintiff's counsel is also attempting to obtain an affidavit from or deposition of one of plaintiff's co-workers on duty at the time of the accident.

Plaintiff has failed to show how additional discovery will defeat summary judgment. The record indicates that the plaintiff stated that the practice of bleeding pressure had nothing to do with how the accident occurred.[2] The record also establishes

---

[2] Specifically, when talking about pressure within the barges, the plaintiff acknowledges that it had nothing to do with the how the accident occurred:
Q: All right. That doesn't have anything to do with what we're talking about and how your accident occurred, though, does it?
A: Oh, no. I'm just saying the difference in what – the only difference, like – like, you had asked me, the – and the only difference that changed in all that time was

with clarity that Dow did not over-pressurize the barge,[3] and that the plaintiff had no issue with the manner in which the requisite pressure was being built up in the barge.[4] With nothing more asserted than vague conjecture that discovery will perhaps reveal helpful facts, the Court declines to defer this motion. It is also important to note that in the fourteen months since this lawsuit has been filed, the plaintiff never once requested the deposition of any Dow employee until after being served with this motion, nor did plaintiff pursue discovery requests until after this motion was filed. Plaintiff has also never sought to inspect Dow's facility. Defendant contends, and

---

    that one thing.
Q: Okay. Meaning that after you finished discharging the barge at Dow Taft, after your accident, you heard some rules were put in to bleed the pressures off the barges before they went back to Plaquemines.
A: Right. So –
Q: Okay.

[3] Plaintiff testified that the pressure within the barge he was discharging had not come close to the 200 p.s.i. level that is required to push the cargo into the Dow shoretank:
Q: To the best of your knowledge, when your accident occurred the pressure had not reached that roughly 200 p.s.i. level to start discharging cargo. Correct?
A: Right.

[4] Again, plaintiff unequivocally states that he had no problem with the manner in which the pressure was being built up in the barge:
Q: All I'm asking you is: On October 4th – I'm not asking where it came from – to the best of your knowledge, the dockman was doing exactly that. He was starting to build that pressure up. Correct?
A: Yes, sir.
Q: And you didn't have any complaints or words with him about the manner in which he was doing it then, did you?
A: No, sir.

the Court agrees, that the plaintiff has failed to pursue his claims against Dow with any vigor, and Rule 56(d) is not designed to correct such failures. See Mendy v. Omni Bancshares, Inc., No. 09-6286, 2011 WL 2937160, at *2 (E.D. La. July 19, 2011) ("[A] Rule 56(d) motion may be denied if a party had the opportunity to conduct discovery but did not diligently pursue it." (citing Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991)); see also Beattie v. Madison Cnty. Sch. Dist., 254 F.3d 595, 606 (5th Cir. 2001) (affirming denial of continuance in part because the plaintiff had several months to take depositions and provided no adequate justification for her failure to do so); Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1442 (5th Cir. 1993) (affirming denial of continuance in part because "an explanation of why plaintiff had not been able to conduct merits discovery" was "[n]otably absent" from the request for a continuance); Carrier v. Sears, Roebuck & Co., 893 F.2d 98, 102 (5th Cir. 1990) (affirming denial of continuance in part because "the plaintiffs took little or no action toward completing discovery" during the four-month period before the motion for summary judgment was heard).

Accordingly, defendants' motion for summary judgment is GRANTED.

New Orleans, Louisiana, December 19, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE